IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 18-CR-00356-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JESUS ALAN AVITIA,

       Defendant.

## MOTION TO VACATE CONVICTION AND SENTENCE UNDER 28 U.S.C. § 2255

Jesus Alan Avitia, through counsel, moves to vacate his conviction and sentence for violating 18 U.S.C. § 922(g)(1). He is entitled to that relief because his guilty plea to violating § 922(g)(1) is constitutionally invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

In *Rehaif*, the Supreme Court overruled longstanding precedent from the Tenth Circuit – and every other circuit to have addressed the issue – concerning the scope of section 922(g). Before *Rehaif*, the government could secure a felon-in-possession conviction by proving that the defendant knowingly possessed a firearm, even if the defendant did not know that he had been convicted of a felony, defined under the statute as a crime punishable by more than one year in prison. *See United States v. Capps*, 77 F.3d 350, 352-54 (10th Cir. 1996). Now, under *Rehaif*, the government "must show that the defendant knew he possessed the firearm *and also* that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194 (emphasis added).

Mr. Avitia pleaded guilty to violating section 922(g) long before *Rehaif* was decided. Unsurprisingly, no one involved in the proceedings correctly understood the elements of the offense to which Mr. Avitia pled. More to the point, Mr. Avitia was never told during the plea proceedings – either in his plea agreement or at the change of plea hearing – that the crime required proof that he knew he had been convicted of a crime punishable by more than one year at the time he possessed the weapon and ammunition. *See* Attachment A (change of plea hearing transcript); Doc. 29 (plea agreement). And in the face of adverse Tenth Circuit precedent, there is no basis to presume that Mr. Avitia's lawyer told him about the element either. *See Hicks v. Franklin*, 546 F.3d 1279, 1284 (10th Cir. 2008) (holding such a presumption to be unwarranted unless there is "some factual basis in the record to support it"). Because Mr. Avitia was not advised of the true nature of the charge, his guilty plea is "constitutionally invalid" and cannot stand. *Bousley v. United States*, 523 U.S. 614, 619 (1998).

*Bousley* addressed a situation very similar to Mr. Avitia's. In an earlier case, the Supreme Court had narrowed the scope of a federal criminal statute, and Bousley later filed a section 2255 motion seeking to undo his guilty plea to violating the newly construed provision on the grounds that he had been misinformed of the offense's elements. *Id.* at 616-17. The Court recognized that if Bousley's allegations proved true, his plea would be "constitutionally invalid." *Id.* at 619. And that recognition was grounded in the principle that when pleading guilty, a defendant must receive "real notice of the true nature of the charge against him." *Id.* at 618. This principle, as the Court recognized, is "the first and most universally recognized requirement of due process." *Id.*

Because a guilty plea without notice of the true charges is constitutionally invalid, this type of error can be harmless only if there is record proof that the defendant was made aware of the missing element through other means or if the record otherwise contains an admission by the defendant to that element. That is the lesson of *Henderson v. Morgan*, 426 U.S. 637 (1976). In that case, as here, the defendant was not advised of a mens rea element necessary to commit the charged offense. This rendered the plea invalid despite the fact, assumed by the Court, that the "prosecutor had overwhelming evidence" of the omitted element. *Id.* at 644. The only thing that could have saved the plea was "a substitute for" the defendant's voluntary admission to the element – a stipulation to the element, evidence that the element was otherwise "explain[ed] to" the defendant, or a statement by the defendant "necessarily implying that he had [the requisite] intent." *Id.* at 646. Because the record contained no substitute of this kind, his guilty plea could not survive. *Id.*

The Court reinforced *Henderson* almost thirty years later in *United States v. Dominguez Benitez*, 542 U.S. 74 (2004). That case involved a violation of Rule 11 of the Federal Rules of Criminal Procedure, not a claim that the plea was constitutionally involuntary or unknowing. The case arose under plain error review because the defendant had not objected to the Rule 11 violation in the district court. And the Court held that, in the Rule 11 context, the inquiry concerning prejudice under plain error review was whether there was a "reasonable probability that but for the error, [the defendant] would not have entered the plea." *Id.* at 83. That inquiry properly took into account factors such as "the overall strength of the government's case." *Id.* at 85. But on this point, the Court was careful to distinguish mere Rule 11 violations from "the constitutional question whether a defendant's guilty plea was knowing and voluntary." *Id.* at 85 n.10. The Court made clear that it was not suggesting that a conviction obtained through an

involuntary or unknowing plea "could be saved even by overwhelming evidence that the defendant would have pleaded guilty regardless." *Id.*

The Tenth Circuit followed *Henderson* in *Hicks v. Franklin*. As here and in *Henderson*, the error in *Hicks* was the failure to advise the defendant of the mental state necessary to commit the charged offense. The Court, following *Henderson*, noted that a "plea cannot support a judgment of guilt unless it is voluntary," and that a plea cannot be considered voluntary unless the defendant received "real notice of the true charges against him." *Hicks*, 546 F.3d at 1284. Thus, the error could be considered "harmless" only if the record contained "some acknowledgement of facts that might serve, by implication, as" an admission to the omitted element. *Id.* at 1286.

Here, the record does not contain any admission from Mr. Avitia that he knew he had been convicted of a felony at the time he possessed the firearms and ammunition in this case. Nor is there any indication in the record that he was aware that a conviction under § 922(g) required such proof. This is of course unsurprising because at the time of his plea, no one thought that § 922(g) contained that element. But it does, and because Mr. Avitia entered his plea without knowledge of the element's existence, his plea is constitutionally invalid and must be vacated.

In any event, Mr. Avitia can show prejudice even under the standard articulated in *Dominguez Benitez* for non-constitutional Rule 11 errors. There are three felonies listed in Mr. Avitia's presentence report, doc. 34 at 7-10, but none of them clearly put him on notice that he had "been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." § 922(g)(1).

The first is a Colorado adjudication of juvenile delinquency. Doc. 34 at 7. That adjudication does not even count as a qualifying "conviction" under § 922(g). For purposes of the chapter in which § 922(g) is located, "[w]hat constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). And under Colorado law, an adjudication of juvenile delinquency does not amount to a conviction. *See S.G.W. v. People*, 752 P.2d 86, 91 (Colo. 1988) ("Except in those limited circumstances in which a child under the age of eighteen years of age may be prosecuted as an adult, a child who is adjudicated a delinquent under the Colorado Children's Code stands before the juvenile court not as a convicted criminal but as a child in need of reformation."); *Apodaca v. People*, 712 P.2d 467, 471 n.5 (Colo. 1985) ("A delinquency proceeding is not a criminal prosecution, and a delinquency adjudication does not constitute a felony conviction."). At the very least, these adjudications would not have clearly put Mr. Avitia on notice that he had been convicted of a crime punishable by more than one year in prison.

The second felony was an adult conviction for possessing a weapon as a previous juvenile offender under Colo. Rev. Stat. § 18-12-108. The earlier offense that barred him from possessing a firearm under that statute was clearly the juvenile adjudication discussed above. Section 18-12-108's prohibition on firearm possession covers people who have been "adjudicate[ed] for an act which, if committed by an adult, would constitute a felony, or subsequent to the person's adjudication for attempt or conspiracy to commit a felony, under Colorado or any other state's law or under federal law." § 18-12-108(3). And aside from the juvenile adjudication, it does not appear that Mr. Avitia had any convictions that would have disqualified him from possessing a weapon under the Colorado statute.

Because Mr. Avitia was barred from possessing a firearm under § 18-12-108 only because of an adjudication of juvenile delinquency, the fact that he was convicted for violating that statute would not have put him on notice that he possessed the status that a § 922(g) conviction requires.  While it would have put him on notice that he was prohibited from possessing a firearm under Colorado law, that is not the question under *Rehaif* and § 922(g)(1).  The additional element under *Rehaif* is not whether the defendant knew he was prohibited from possessing a firearm, but whether he "knew he belonged to the relevant category of persons barred from possessing a firearm" *under § 922(g)*.  *Rehaif*, 139 S. Ct. at 2200.  Here, the relevant category is persons who have "been convicted in any court of a crime punishable by imprisonment for a term exceeding one year."  § 922(g)(1).  Mr. Avitia's Colorado conviction did not put him on notice that he possessed that status.  Not only does the Colorado statute also prohibit the possession of a firearm by a person who has been adjudicated delinquent, but Mr. Avitia was actually convicted under that statute based on such an adjudication.

Finally, Mr. Avitia would not necessarily have known that his adult Colorado conviction of possessing a weapon as a previous juvenile offender placed him in the category of people convicted of a crime punishable by more than one year in prison.  That is because of the sentence he received.  For that crime, he was sentenced to 60 days in jail and 18 months of probation.  Doc. 34 at 9.  The Supreme Court itself observed in *Rehaif* that a defendant sentenced to probation may not have known that his offense was punishable by more than one year in prison.  139 S. Ct. at 2198.  And the same goes for a 60-day jail sentence.  The fact that Mr. Avitia was sentenced to 60 days in jail did not put him on notice that the crime was punishable by over one year in prison.

The third and final felony listed in Mr. Avitia's presentence report is an adult drug conviction for which he was sentenced to one year of probation. Doc. 34 at 10. For the reasons just discussed, that conviction also did not put him on notice that he had been convicted of a crime punishable by more than one year in prison.

Given all this, the government may have been hard pressed to show that Mr. Avitia knew, at the time he possessed the firearm and ammunition in this case, that he had been convicted of a crime "punishable by imprisonment for a term exceeding one year." § 922(g)(1). Given the evidentiary difficulties the government would have faced on the newly recognized element, there is at least a "reasonable probability" that Mr. Avitia would have put the government to its proof had he been aware of the element's existence. *Dominguez Benitez*, 542 U.S. at 83.

Mr. Avitia requests that this Court vacate his conviction for violating § 922(g)(1).

                                    Respectfully submitted,

                                    VIRGINIA L. GRADY
                                    Federal Public Defender

                                    /s/ Dean Sanderford
                                    DEAN SANDERFORD
                                    Assistant Federal Public Defender
                                    633 17th Street, Suite 1000
                                    Denver, Colorado  80202
                                    Telephone:  (303) 294-7002
                                    FAX:  (303) 294-1192
                                    Email:  Dean_Sanderford@fd.org
                                    Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on December 11, 2019, I electronically filed the foregoing ***Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

    Kurt J. Bohn, Assistant U.S. Attorney
    Email:  kurt.bohn@usdoj.gov

                                          /s/ Dean Sanderford
                                          DEAN SANDERFORD
                                          Assistant Federal Public Defender
                                          Attorney for Defendant